IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALFONZ LERENNZO MCKENZIE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. CIV-21-687-JD |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is challenging how Respondent has calculated his sentence. Respondent has filed a response to the Petition and filed the relevant records.[1] The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. Section 636(b)(1)(B). For the following reasons, it is recommended the Petition be denied.

I. Background

On February 5, 2014, Petitioner was arrested by the Grayson County Sheriff's

---

[1] Respondent titled its response as a "Motion to Dismiss or, in the Alternative Motion for Summary Judgment." Doc. No. 13. As the "motion" addresses the merits of Petitioner's grounds for relief, the Court has construed the same as a Response to the habeas Petition.

1

Office in Sherman, Texas and charged with Possession of Marijuana Less than Two Ounces and Possession of a Controlled Substance "PG 1 <1G." Doc. No. 13-1 at 6. Petitioner was released on bond the following day. *Id.* at 6. On March 11, 2015, Petitioner was arrested by the Denison Police Department in Denison, Texas for Possession of Marijuana Less than Two Ounces. *Id.* at 8. Petitioner was released on bond the following day. *Id.* On March 13, 2015, Petitioner was arrested by the Sherman Police Department in Sherman, Texas for Possession of Controlled Substance "PG 1 >=4G<200G." *Id.* at 10. Petitioner was again released on bond the following day. *Id.* On April 9, 2015, Petitioner was arrested by the Grayson County Sheriff's Office based on arrest warrants issued for numerous criminal charges. *Id.* at 12.

On August 13, 2015, a grand jury for the United States District Court for the Eastern District of Texas issued an indictment against Petitioner on a charge of Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine and Marijuana. *Id.* at 14-16. On August 18, 2015, the United States Attorney filed a Petition for Writ of Habeas Corpus *Ad Prosequendum* for Petitioner to appear for his federal charge. *Id.* at 18-19. As a result, the United States Marshal Service ("USMS") took Petitioner into temporary custody on September 1, 2015. *Id.* at 21-22.

On April 11, 2017, while Petitioner remained in temporary federal custody, the United States District Court for the Eastern District of Texas sentenced Petitioner on his federal charge to, *inter alia*, imprisonment for 108 months, or 9 years. *Id.* at 24-31. The Court also stated that the sentence would run concurrently with any sentences imposed in certain of his state court criminal cases, including but not limited to "Docket Nos. 064487 and 066222, 59th District Court of Grayson County, Texas," and consecutively with others. *Id.* at 25. Following his federal conviction and sentencing, Petitioner returned to state custody on April 17, 2017, for his pending state charges. *Id.* at 21.

On July 13, 2017, the 59th District Court of Grayson County, Texas in Docket Nos. 064487 and 066222, sentenced Petitioner to two years and 18 years imprisonment, respectively. *Id.* at 33, 38. The court also ruled that each sentence would run concurrently. *Id.* Petitioner received credit for time served from February 5-6, 2014, March 13-14, 2015, and April 9, 2015 through July 12, 2017. *Id.*

On January 22, 2020, the Texas Department of Criminal Justice granted Petitioner parole, *id.* at 54-57, and on February 13, 2020, Petitioner was remanded to the exclusive custody of the USMS. *Id.* at 57, 58, 61. Based on Respondent's records, Petitioner's sentence was imposed on April 11, 2017, his "expiration full term date" is April 10, 2026, and projected release date based on anticipated good

time credit is December 10, 2024. *Id.* at 64-65.

By this action, Petitioner challenges the BOP's calculation of his sentence. Specifically, Petitioner contends that because he was in federal custody from September 1, 2015 through April 11, 2017, that time should be credited toward his federal sentence. Doc. No. 5 at 6.[2] He also argues that because his federal and state criminal charges are based on the "same drugs," this also entitles him to that time being credited toward both his state and federal sentences. *Id.* He requests habeas relief in the form of an order from this Court directing Respondent to credit toward his federal sentence Petitioner's time in custody from September 1, 2015 through April 11, 2017. *Id.* at 7.

II.     Analysis

Respondent opposes the Petition in this matter based on its contention that it has awarded Petitioner all available credit toward his federal sentence. Doc. No. 15 at 14-21. The Court agrees.

"The computation of a federal sentence requires consideration of two separate issues." *Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006). The first

---

[2] Petitioner actually states that he is entitled to credit for time served against his federal sentence from September 1, 2015 through April 17, 2017. *Id.* at 6. However, Petitioner's federal sentence was credited for his time served between April 11, 2017, the date his federal sentenced was imposed, and April 17, 2017, when he was returned to state custody. *Id.* at 65.

4

issue involves the date a federal sentence commences. *Id.* "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). The second issue considers whether a federal inmate should be credited for prior custody. *Binford,* 436 F.3d at 1254. Under 18 U.S.C. § 3585(b), credit for prior custody is awarded for time a defendant "spent in official detention prior to the date his federal sentence commences if the detention resulted from the same offense of conviction or from another charge for which the defendant was arrested after commission of the offense of conviction and if that time has not been credited against another sentence." *Weekes v. Fleming*, 301 F.3d 1175, 1178 (10th Cir. 2002).

The Attorney General, through the Bureau of Prisons, is responsible for making the sentence calculations contemplated by § 3585. *United States v. Wilson*, 503 U.S. 329, 334-35 (1992); *Hedding v. Garcia*, 491 F. App'x 896, 899 (10th Cir. 2012). However, the Attorney General's decision may be reviewed in a habeas corpus action pursuant to 28 U.S.C. § 2241.

  A. <u>Commencement of Federal Sentence</u>

As previously established, on April 11, 2017, Petitioner was sentenced in his federal case to 108 months imprisonment, to be served concurrently with certain of

5

his state sentences and consecutive to others. Doc. No. 13-1 at 24-25. Pursuant to 18 U.S.C. § 3585(a), "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." Therefore, the Court finds the Bureau of Prisons has correctly determined that Petitioner's federal sentence commenced on April 11, 2017, the date he was sentenced on his federal charge. Doc. No. 13-1 at 65.

B. Credit for Pre-Sentence Federal Custody

Petitioner argues that he should receive credit toward his federal sentence from September 1, 2015 through April 11, 2017, representing the time he spent in federal custody prior to his sentencing. Doc. No. 5 at 6. However, § 3585(b) prohibits awarding credit for pre-sentence custody if the time has been credited against another sentence. *See* 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences. . . *that has not been credited against another sentence*."). Thus, "Congress made clear [in enacting §3585(b)] that a defendant could not receive a double credit for his detention time." *Wilson,* 503 U.S. at 337; *see e.g., Falan v. Gallegos*, 38 F. App'x 549, 552 (10th Cir. 2002) ("[S]ince that time was presumably credited against [the petitioner's] state sentence, it cannot

qualify under the plain language of 18 U.S.C. § 3585(b)"). Petitioner's pre-sentence custody from September 1, 2015 through April 11, 2017 was credited toward his state sentence. Doc. No. 13-1 at 33, 38. Therefore, pursuant to § 3585(b), Petitioner is not entitled to have this time period applied to his federal sentence.

Additionally, the fact that Petitioner's federal and state sentences run concurrently does not entitle him to any credit for presentence incarceration against his federal sentence. *See Kinslow v. Wands*, 432 F. App'x 788, 789 (10th Cir. 2011) ("Because Mr. Kinslow received credit for his pretrial incarceration on his state sentence, he is not entitled to any additional credit against his federal sentence [even though the sentences run concurrently.]"); *see also Vaughn v. Smith*, No. CV 11-0852-PHX-JAT, 2012 WL 996542, at *4 (D. Ariz. Mar. 23, 2012) (explaining that federal sentence ordered to run concurrently with state sentence did not entitle the petitioner to presentence confinement credit for time period that was credited to state sentence). Based on the federal sentencing statute, Petitioner's federal sentence could not begin to run before it was imposed. Though his federal sentence runs concurrently with his state sentence, he is not entitled to credit for presentence confinement because that time had been credited to his state sentence. *See Tilson v. Walton*, No. 12-CV-255-CJP, 2014 WL 503860, at *1–2 (S.D. Ill. Feb. 7, 2014) ("[T]he fact that his federal sentences were to run concurrently with his state

sentence does not . . . require the BOP to calculate his federal sentence from the date of arrest.").

Furthermore, the Court notes that any time Petitioner was in federal custody pursuant to a federal writ of habeas corpus *ad prosequendum*, the State of Texas retained primary custody. *See Weekes*, 301 F.3d at 1181 (noting that the use of an *ad prosequendum* writ to gain custody indicates the sovereign gaining custody is merely borrowing the prisoner from the sovereign with primary custody). The State of Texas, therefore, did not relinquish its primary custody over Petitioner at any time prior to his federal sentence being imposed.

The time Petitioner spent in federal "custody" between September 1, 2015 and April 11, 2017, the date of his federal sentencing, was credited toward his state sentence. Accordingly, the Court concludes that, pursuant to 18 U.S.C. § 3585(b), Petitioner cannot also receive credit for that time against his federal sentence.

C. <u>Similarity Between Charges</u>

In his second ground for relief, Petitioner asserts that he is entitled to dual credit for the time he spent in state custody because his state and federal charges are based on the "same drugs." Doc. No. 5 at 6. Respondent does not address this claim and Petitioner does not cite any particular authority to support it. The undersigned presumes Petitioner intended to rely on the Bureau of Prison's Program Statement,

5880.30, which provides, in relevant part:

> (1) For time in non-federal custody when the non-federal custody is based on charges that later resulted in a federal sentence.
>
> . . . .
>
> (b) If the federal defendant has been in presentence state or foreign custody on essentially the same charges as the federal charges, credit shall also be given even though a federal detainer may not have been on file during that time. *Credit shall also be given for time spent in non-federal presentence custody when the non-federal and federal charges are similar enough to be considered the same criminal act or offense.* This non-federal presentence custody is applicable when the factors of time, location, and the criminal acts are identical in both charges.

5880.30, Ch. VI (7)(c)(1)(b) (emphasis added).[3]

However, in *Comrie v. Wilner*, 380 F. App'x 783 (10th Cir. 2010), the Tenth Circuit explained:

> PS 5880.30 was promulgated under 18 U.S.C. § 3568, which stated, in relevant part:
>
> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. *The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.*
>
> (emphasis added).

---

[3] *See* https://www.bop.gov/policy/progstat/5880_030.pdf (last accessed on September 28, 2021).

> But § 3568 . . . was repealed effective November 1, 1987, by Pub.L. No. 98–473, tit. II, § 212(a)(2), 98 Stat.1987 (1984). For offenses committed after November 1, 1987, the new statutory provision, [Section] 3585(b), applies. *See* 18 U.S.C. § 3585; PS 5880.28, ch. I [Section] 3(c) (explaining change in controlling law). Because Mr. Comrie's offenses were committed in 1999–2000, *see* Comrie, 136 [F. App'x,] at 886–87, the new statute[, § 3585,] governs his sentence.

*Id.* at 785; *see also Shepherd v. Warden, UPS – Atlanta,* 683 F. App'x 854, 855 n.1 (11th Cir. 2017) ("Shepherd also contends he is entitled to relief based on BOP policy 5880.30. That provision, however, applies only to offenses that occurred before 1 November 1987 and, thus, is inapplicable here."); *Piccarreto v. Clark*, 215 F.3d 1333, 1333 n.4 (9th Cir. 2000) (applying Program Statement 5880.30, Ch. VI (7)(c)(1)(b) where the petitioner's "claim is governed by [§] 3568, not the current statute, 18 U.S.C. § 3585(b), because [§] 3568 was in effect at the time [the petitioner] was sentenced").

Presuming without deciding that Program Statement 5880.30 would otherwise apply to Petitioner's case, because his offenses were committed well after November 1, 1987, the Program Statement does not apply. Instead, § 3585 governs his sentence and as established above, Petitioner has received all the credit to which he is entitled under the same.[4]

---

[4] In light of the recommendation herein, it is unnecessary to address Respondent's additional argument regarding whether Petitioner named the proper party.

RECOMMENDATION

Based on the foregoing findings, it is recommended the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DENIED. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by October 19th , 2021, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___29th___ day of September, 2021.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE